IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**DAVID DANIEL NORRIS, II,**

    **Plaintiff,**

v.                                                                                **Case No. 3:08-cv-01163**

**WEST VIRGINIA DIVISION OF CORRECTIONS,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is the initial screening of plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 (Docket No. 1) and plaintiff's Application to Proceed without Prepayment of Fees and Costs (Docket No. 2). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge and, by Standing Order, has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**I. Procedural History**

On October 8, 2008, plaintiff, who was then a state prisoner incarcerated at the Western Regional Jail,[1] filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that the West Virginia Division of Corrections' (hereinafter "DOC") grooming policy, which required all incoming inmates to shave their facial hair and have their hair cut,

---

[1] According to the West Virginia Division of Corrections, plaintiff was released from custody on June 12, 2010 after completing his sentence of incarceration.

violated his right to freely practice his religion.[2] (Docket No. 1 at 4). Plaintiff contended that inmates who refused to comply with the policy were subject to losing their "good time" credits, causing them to face a longer term of imprisonment, and were "still forced" to shave their facial hair and have their hair cut. (*Id.* at 4-5). Plaintiff requested that the Court order the DOC to "establish a new policy that does not violate a person's constitutional right to practice his religion." (*Id.* at 5).

## II. Analysis

Pursuant to the provisions of 28 U.S.C. § 1915, the Court must screen each case in which a prisoner seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The Court must dismiss the case, or any part of it, if the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915.

In the course of screening a prisoner's case, the Court should also verify that it has judicial authority under Article III, Section 2 of the United States Constitution to consider the asserted claims. As a prerequisite to the exercise of judicial authority, the Complaint before the Court must present an actual case or justiciable controversy. *Preiser v. Newkirk,* 422 U.S. 395 (1975). "A federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'" *Id.* at 401, citing *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). The law is well-settled that "to qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonians for Official English v. Arizona,* 520 U.S. 43,

---

[2] Plaintiff also complained that female inmates were not required to comply with the same grooming policy.

67 (1997), citing *Preiser v. Newkirk, supra* at 401. "[T]he conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual. . . events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 694 (4th Cir. 1983). Consequently, an action is moot when the Court, at the time of its decision, is incapable of providing the relief requested by the plaintiff, because the injury (or controversy) no longer exists. *See Arizonans for Official English v. Arizona, supra.*

In light of plaintiff's release from custody, the Court is incapable of granting his request for injunctive or declaratory relief, because the justiciable controversy originally present has since dissolved. Plaintiff is no longer subject to the DOC grooming policy and, thus, any change in the policy or judicial declaration that the policy is constitutionally invalid would have no effect on him. "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). Therefore, this civil action is moot.[3]

In the present case, plaintiff cannot avoid mootness by arguing the "capable of repetition, yet evading review" doctrine. *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515 (1911). Under this narrow exception, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the "same complaining party would be subjected to the same action again." *Lane v. Williams,* 455 U.S. 624, 634 (1982), citing *Weinstein v. Bradford,* 423 U.S. 147, 149

---

[3] Plaintiff does not assert claims for monetary damages under § 1983, which would not be mooted by his release from confinement. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

(1975). The fact that plaintiff could theoretically be incarcerated at some point in the future and subjected to the same DOC grooming policy does not satisfy the "capable of repetition" prong of the exception; the Court is to assume that plaintiff will conduct his activities within the law and not face future conviction and incarceration. *Spencer v. Kemna,* 523 U.S. 1, 15 (1998); *Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 249 (4th Cir. 2005); *Ross v. Reed*, 719 F.2d 689, 694 (4th Cir. 1983).

Therefore, the undersigned proposes that the presiding District Judge **FIND** that plaintiff's cause of action fails to present a justiciable controversy or a reasonable expectation of repetition that would bring it within the judicial authority of the Court. Accordingly, the claim is moot and should be dismissed.

## IV.   Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the United States District Judge confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Plaintiff's Complaint (Docket No. 1) be **DISMISSED** with prejudice as moot; and

2. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs (Docket No. 2) be **DENIED** pursuant to 28 U.S.C. §1915(e)(2)(B).

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Judge and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the plaintiff, the respondent, and any counsel of record.

**ENTERED:** March 18, 2011.

Cheryl A. Eifert
United States Magistrate Judge